# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TATIANA ZHELUDOVA,  
    Plaintiff,

Civil Action No. 1:11-cv-355  
Litkovitz, M.J.

vs.

DELTA AIRLINES,  
    Defendant.

**ORDER**

This matter is before the Court on plaintiff's motion for extension of time to complete discovery. (Doc. 45). Plaintiff asserts that she is unable to respond to defendant's discovery requests because she is not in "good physical condition" at this time.

Plaintiff instituted this lawsuit by filing a complaint against defendant in state court on May 10, 2011. (Doc. 2). Defendant removed the case to this court on June 2, 2011. (Doc. 1). Plaintiff was originally represented by counsel, but her attorney withdrew as counsel in November 2011. (Doc. 16). Plaintiff retained new counsel, who withdrew in August 2012. (Doc. 32). Plaintiff has proceeded pro se in this matter since that time.

Plaintiff filed a motion for extension of time on December 10, 2012. (Doc. 42). The motion failed to include a certificate of service in accordance with Fed. R. Civ. P. 5 showing that the document was served on defendant. The Court therefore ordered plaintiff to serve a copy of the motion on defendant and show proof of service within 10 days. The Court informed plaintiff that if she failed to comply with the Order, the motion would be stricken from the docket of the Court.

Plaintiff subsequently filed a second motion for extension of time on January 17, 2013. (Doc. 45). That motion likewise fails to include a certificate of service in accordance with Fed. R. Civ. P. 5 showing the document was served on defendant. Plaintiff has attached a certified

mail receipt to the motion. The receipt is postmarked January 16, 2013, but there is no information filled in on the receipt. Accordingly, because plaintiff has failed to show proof of service of her motions for extension of time, the motions shall be stricken from the docket of the Court.

Defendant has filed a motion to dismiss this lawsuit pursuant to Fed. R. Civ. P. 41(b) based on plaintiff's failure to prosecute the case. (Doc. 46). In support of the motion, defendant states it served discovery requests on plaintiff on March 14, 2012, but plaintiff has not responded to those requests to date. (*Id.*, Exh. A, Affidavit of Matthew Stubbs, ¶ 2). This is despite the fact that defendant filed a motion to compel the discovery responses on June 20, 2012 (Doc. 28), and the Court granted numerous extensions of time for plaintiff to respond to the motion to compel and provide the requested discovery. (Doc. 31; 8/16/12 Docket Entry; Doc. 41). Defendant further states that plaintiff failed to attend an independent medical examination scheduled for January 11, 2013. (Doc. 46, Exh. A, Stubbs Aff., ¶ 3). In addition, defendant asserts that plaintiff failed to identify any witnesses by January 11, 2013, which was the deadline imposed by the Court's revised Calendar Order issued on November 9, 2012. (*See* Doc. 40).

Because the record shows that plaintiff has failed to respond to defendant's discovery requests and to comply with the Court's Orders, plaintiff is advised that her failure to timely respond to defendant's motion to dismiss will result in dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.[1] District courts have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

---

[1] A Notice was also issued to plaintiff on January 22, 2013, advising her that defendant had filed a motion to dismiss and that failure to file a memorandum in response to the motion within 21 days from the date of service attached to the motion may warrant dismissal of the case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 47).

2

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motions for extension of time (Docs. 42, 45) are **STRICKEN** from the record.

2. Plaintiff shall respond to defendant's discovery requests within **seven (7) days** of the filing date of this Order.

3. Plaintiff shall file a memorandum in response to defendant's motion to dismiss (Doc. 46) on or before **February 11, 2013**. Failure to file a memorandum in response to the motion to dismiss by that date will result in dismissal of this case pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Date: 1/24/13

Karen L. Litkovitz
United States Magistrate Judge

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
☐ Addressee

B. Received by ( Printed Name )

C. Date of Delivery

1. Article Addressed to:

Tatiana Zheludova
1635 Section Rd.
Apt. 2
Cinti, OH 45237

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7011 3500 0001 5345 5116

PS Form 3811, February 2004    Domestic Return Receipt