UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TATIANA ZHELUDOVA,                                    Case No. 1:11-cv-355
    Plaintiff,                                        Litkovitz, M.J.

    vs.

DELTA AIR LINES, INC.,                                **ORDER**
    Defendant.

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint

pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 46). For the reasons set forth

below, defendant's motion is denied.

Plaintiff instituted this lawsuit by filing a complaint against defendant in state court on

May 10, 2011. (Doc. 2). Defendant removed the case to this Court on June 2, 2011. (Doc. 1).

Plaintiff was originally represented by counsel, but her attorney withdrew as counsel in

November 2011. (Doc. 16). Plaintiff retained new counsel, who withdrew in August 2012.

(Doc. 32). Plaintiff proceeded pro se in this matter until March 14, 2013, at which time a third

attorney, James Kolenich, Esq., entered his appearance as counsel for plaintiff. (Doc. 52).

Defendant filed its motion to dismiss this lawsuit pursuant to Fed. R. Civ. P. 41(b) on

January 21, 2013, before Mr. Kolenich had entered an appearance for plaintiff.[1] (Doc. 46).

Because the record showed that plaintiff had failed to respond to defendant's discovery requests

and to comply with the Court's Orders, the Court issued an order informing plaintiff that her

failure to timely respond to defendant's motion to dismiss would result in dismissal of this case

pursuant to Rule 41(b) for failure to prosecute. (Doc. 48). Plaintiff was ordered to respond to

---

[1] Defendant's arguments in support of the motion to dismiss for lack of prosecution are set forth in the Court's Order to Show Cause issued on March 28, 2013. (Doc. 53).

defendant's discovery requests within seven days of the Court's Order and to file a memorandum in response to defendant's motion to dismiss on or before February 11, 2013. Plaintiff filed a memorandum in response to the motion to dismiss on February 12, 2013. (Doc. 50). Defendant filed a reply memorandum, asserting that plaintiff had not adequately explained her failure to timely produce discovery responses, attend the independent medical examination scheduled in this matter, or comply with the Scheduling Order established in the case. (Doc. 51).

After the motion to dismiss was fully briefed, on March 14, 2013, Mr. Kolenich entered his appearance as counsel for plaintiff. (Doc. 52). On March 28, 2013, the Court issued an order to plaintiff to show cause why this case should not be dismissed for want of prosecution. (Doc. 53). The Court stated that it had found based on its review of the record that plaintiff had not adequately explained her failure to comply with the Court's orders and to provide discovery in a timely manner. The Court determined that despite having been repeatedly accommodated by the Court, plaintiff had delayed these proceedings without justification and had inconvenienced defendant. The Court informed plaintiff that it would not tolerate any further delays in this matter but instead would allow her "one final opportunity" to demonstrate that this case should not be dismissed for lack of prosecution by "setting forth her specific plan for addressing the omissions outlined in defendant's motion to dismiss and [the Show Cause Order] and for timely completing all outstanding discovery." (*Id.* at 4). Plaintiff was advised in the Show Cause Order:

> If plaintiff can successfully demonstrate to the Court that she is willing and able to take a proactive role in this case and to participate fully in the discovery process, including by submitting to an independent medical examination and appearing for a deposition, then the Court will allow this case to proceed. If plaintiff cannot demonstrate that she is prepared to cooperate fully with defendant to complete discovery in compliance with the Court's schedule, then this matter will be dismissed for want of prosecution.

2

(*Id.*).

Plaintiff, through counsel, filed her response to the Order to Show Cause on April 8, 2013. (Doc. 54). Mr. Kolenich submitted his declaration with the response. (Doc. 54-1). Plaintiff argues that the extreme sanction of dismissal is not warranted given her difficulties with communicating in the English language[2] and with retaining an attorney in this case. Mr. Kolenich explains in the declaration the steps he has taken to move this case forward. Counsel states he has met with plaintiff and she has signed a contingency fee contract, he has arranged to assist plaintiff in traveling to an independent medical examination and depositions, and he has obtained documents relevant to the case from plaintiff. Mr. Kolenich also states that he sent an email to counsel for defendant inquiring about plans for proceeding with the case, but he received no response. Plaintiff requests 75 days after the Court rules on the Show Cause Order to: (1) schedule and appear for an independent medical examination, (2) properly respond to written discovery requests, (3) appear for her deposition, (4) execute medical release forms, (5) issue discovery requests, and (6) conduct no more than two depositions. (Doc. 54 at 3).

Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . ." District courts have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). Dismissing a case for failure to prosecute "is a harsh sanction which the court should order only in extreme situations showing a 'clear record of delay or

---

[2] Plaintiff is a Russian immigrant. (Doc. 54 at 1).

contumacious conduct by the plaintiff.'" *Stough v. Mayville Community Schools*, 138 F.3d 612, 614-15 (6th Cir. 1998) (citing *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) (quoting *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980)). Before a party's case is dismissed pursuant to Rule 41(b), the Court must consider the following four factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary has been prejudiced by the party's failure to cooperate; (3) whether the party has been warned that her failure to cooperate could lead to dismissal of the lawsuit; and (4) whether the Court has considered or imposed less drastic sanctions against the party. *Id.* at 615.

Here, the factors to be considered weigh against dismissing plaintiff's case. First, while plaintiff's conduct has been dilatory, it is not apparent that plaintiff has willfully delayed the proceedings. Second, plaintiff's dilatory conduct and failure to fully cooperate in the discovery process has caused inconvenience to defendant, but the record does not show that defendant has been clearly prejudiced by plaintiff's conduct. Finally, the Court gave plaintiff an opportunity to set forth her plan for completing discovery before the Court took the drastic step of dismissing this lawsuit, and plaintiff has filed a response that explains in sufficient detail the specific steps she and her attorney have taken and plan to pursue from this point forward to complete discovery in a timely manner. After reviewing plaintiff's response, the Court is satisfied that plaintiff intends to cooperate fully in the discovery process and to comply with all Court deadlines in this case in the future. The Court therefore finds that the extreme sanction of dismissal pursuant to Fed. R. Civ. P. 41(b) is not warranted under the circumstances presented, particularly as the Court has not previously considered or imposed any less severe sanctions on plaintiff.

Accordingly, the Court will not dismiss plaintiff's case for failure to prosecute. The Court will extend the discovery deadline by 75 days, which is sufficient time to allow the parties

4

to: (1) obtain medical release forms and the relevant medical records; (2) schedule an independent medical examination, (3) complete written discovery, and (4) take any necessary depositions. The dispositive motion deadline will be extended 30 days past the discovery deadline.

For the foregoing reasons, defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute (Doc. 46) is **DENIED**. The discovery deadline is extended to June 27, 2013. The dispositive motion deadline is extended to July 27, 2013. The final pretrial conference is rescheduled for October 17, 2013 at 2:00 p.m., and the jury trial is reset to November 12, 2013 at 9:30 a.m. The Court will issue a Revised Calendar Order.

**IT IS SO ORDERED**.

Date: 4/16/13

Karen L. Litkovitz
United States District Judge

5